## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 2:14-cv-00414-GZS |
| | ) | |
| JEFFREY A. DENNER, both individually | ) | |
| and as Trustee of The Words End Trust, | ) | |
| HSBC BANK, USA, NATIONAL | ) | |
| ASSOCIATION, as Trustee for Structured | ) | |
| Asset Securities Corporation Mortgage | ) | |
| Pass-Through Certificates, Series 2003-22A, | ) | |
| STATE OF MAINE, and | ) | |
| TOWN OF STONEHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER APPOINTING RECEIVER FOR REAL PROPERTY LOCATED AT
## 337 HORSESHOE POND ROAD, STONEHAM, MAINE 04231

Before the Court is *Plaintiff United States of America's Motion for Appointment of*

*Receiver* (ECF No. 31) for the real property located at 337 Horseshoe Pond Road, Stoneham,

Maine 04231 ("the Property").  The Property is more fully described as:

> A certain lot or parcel of land, with the buildings thereon situated
> in Stoneham, Oxford County, Maine, and designated as Lot
> numbered Ten (#10) on plan entitled "Plan of land in Stoneham
> Maine, owned by Richard Krock" surveyed and drawn in 1971 and
> 1972 by Lawrence M. Gray, registered Land Surveyor, and duly
> recorded in Oxford Western District Registry of Deeds in Plan
> Book 4, Page 50.  Reference is hereby made to said plan for more
> particular description of the parcel hereby conveyed.  Reference is
> also made to an earlier version of said plan recorded in said
> Registry in Plan Book 4, at Page 31 for the courses and distance as
> surveyed along the shore line of Horseshoe Pond.
>
> Being the property conveyed to the grantor by deed dated
> December 18, 1986, and recorded in Oxford Western District
> Registry of Deeds, in Book 283, Page 774 from Richard H. Krock,
> Trustee of the Second Beej and Rich Hamilton Realty Trust.

Having considered the grounds stated in the Motion, and for good cause shown, the

Motion (ECF No. 31) is GRANTED and it is hereby ORDERED that:

The sale of the Property will be subject to the terms and conditions set forth below.

1.     **Sale of Clear Title** - The sale of the Property shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action.  Any rights, titles, claims, liens, and interests of all parties to this action shall attach to the proceeds of sale to the same extent and in the same order of priority as they did against the Property.

2.     **Sale Subject to Building Lines, Laws, Ordinances, Regulations, and Items of Record** - The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affect the Property, and easements, restrictions, and reservations of record, if any.

3.     **"As is" Sale** - The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

4.     **Receiver Appointed** - Jennifer Regan of Coldwell Banker Lifestyles ("Receiver") is appointed receiver for the purpose of assisting in the sale of the Property, and she is directed to take custody of, and market for sale, the Property in accordance with this Order.

5.     **Vacate the Property** – All persons occupying the Property shall vacate the Property permanently within 30 days of the entry of this Order, each taking with them her or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  Any personal property remaining on the Property 30 days after the entry of this Order is deemed forfeited and abandoned, and the receiver is authorized to dispose of it in any manner she sees fit, including sale, in which case the

proceeds of that sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution.  If any person fails or refuses to vacate the Property within 30 days of the entry of this Order, the receiver shall notify counsel for the United States, and counsel for the United States shall request that the United States Marshals Service take all actions that are reasonably necessary to eject those persons from the Property.  In that event, the United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to the land, the buildings, vehicles and any structures located thereon, for the purpose of executing this Order.  The United States Marshals Service is further authorized and directed to arrest and/or or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere in any way with the receiver's efforts to comply with her obligations under this Order.  No further order of the Court is required for the United States Marshals Service to take such action if requested by counsel for the United States.

**6.**     **Key / Code Turnover** - Defendant Jeffrey A. Denner shall provide the Receiver with all keys and access codes (electronic or otherwise) for all parts of the Property on or before September 14, 2022.  He may supply them to her by sending them to her by Fedex at:  486 White Mountain Hwy, Conway, NH, 03818.  Alternatively, he may contact her at (207) 838-1581 and make arrangements to give the keys and codes to her at a mutually agreeable date, time, and location.  The receiver has the right to require Mr. Denner to provide the keys and code by FEDEX.

7.     **Compensation for the Receiver** - Ms. Regan shall be compensated from the proceeds of the sale of the Property in an amount equal to six-percent (6 %) of the gross sale proceeds.  Ms. Regan must pay any buyer broker commission for the sale from her compensation of six-percent (6 %) of the gross sale proceeds.  The receiver and any buyer broker shall receive payment of the above-described compensation from a distribution from the gross proceeds of a sale approved by the Court at closing, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

8.     **Rights, Powers, and Authority of the Receiver** – Ms. Regan shall have all of the rights and powers necessary to fulfill her obligations under the Order, specifically including, but not necessarily limited to, the power to enter the Property, to inspect the property, to secure and preserve the property and its salability, to list and advertise the sale of the property, and to show it to prospective buyers.

(a)     **Expenditures by the Receiver** - The receiver may, but is not required to, make from her funds or her firm's funds payment of real property taxes, water, sewer, and other utility charges or fees for the property.  Subject to prior written approval by the United States, the receiver may make from her funds or her firm's funds payment for reasonable and necessary repairs, maintenance, and improvements (such as repainting or replacing flooring in part or all of the property), and to take any action reasonably necessary to protect and preserve the value of the property prior and up to the closing of its sale and/or to make it more salable.  The receiver may, but is not required to, make from her funds or her firm's funds payment for property and liability insurance for the property.  Subject to prior written approval of the expenditures by the United States, Ms.

Regan shall have the power and authority to select contractors and allow them to enter the property to perform work in, at, or on the property.

(b)     **Listing Price** – The Receiver shall determine the initial listing price for the property subject to approval by the United States.  Before the property is listed for sale, the United States shall provide notice of the proposed initial listing price to the Defendants, who shall have five days to file a motion to seek review of the proposed initial listing price by the Court.  If lack of buyer interest or buyer feedback indicates that the initial listing price for the Property is too high, the Receiver, subject to approval by the United States, may select a lower listing price.  Before the listing price for the property is changed, the United States shall provide notice of the proposed revised listing price to the Defendants, who shall have five days to file a motion to seek review of the proposed initial listing price by the Court.

(c)     **Earnest Money Deposit** – An earnest money deposit shall be required as part of a purchase agreement.  The Receiver shall determine the amount of the earnest money deposit subject to approval by the United States.  The earnest money deposit from a buyer shall be held by the receiver.  The receiver shall provide the deposit at or shortly before the closing for the sale to the title company or attorney serving as the escrow and distribution agent and conducting the closing for the sale.  If the purchaser fails to perform under the terms of the agreement, the purchase agreement shall be deemed null and void, and the deposit shall be forfeited. Any forfeited earnest money deposit shall be used first to pay the cost, if any, of document preparation for the transaction that did not close, and any amount remaining shall be applied to the judgment for taxes entered against Jeffrey A. Denner in this case.  If a purchaser fails to perform under the terms of a

5

purchase agreement, the receiver shall relist the Property under the terms and conditions of the order.

(d)      **Purchase Agreement Generally** - The terms of any purchase agreement shall require an earnest money deposit, payable by cash, certified check, or cashier's check.  The purchase agreement further shall require that the balance of the purchase price is to be paid at closing by cash, certified check, or cashier's check.  A purchase agreement may include other customary and reasonable terms in the discretion of the United States, in consultation with the receiver.

(e)      **Negotiation of a Purchase Agreement and its Submission to the Court for Approval** - The receiver shall negotiate the sale of the property.  She may make a counteroffer, subject to approval by the United States.  She may agree to a purchase price and enter into a purchase agreement subject to approval by the United States and subject thereafter to approval by the Court.  When the receiver obtains a purchase agreement for the property that the United States has approved, the United States shall file a motion for approval of the agreement with the Court.  The defendants shall have the right to file an objection to the motion.

(f)      **Closing for Sale** - If the Court enters an order approving the purchase agreement, the receiver shall arrange a closing with the buyer and the title company or an attorney if applicable law requires an attorney to conduct real property sale closings that the receiver has selected to conduct the closing and serve as escrow and distribution agent for the sale.  After the Court approves a purchase agreement, the receiver shall provide the title company or the attorney conducting the closing with a Receiver's Deed to the property, which may be used to convey title to the property to the buyer(s) at the closing

6

for the sale.  The receiver shall hold the earnest money deposit of a buyer until shortly before a scheduled closing at which time she shall give the deposit to the title company or attorney conducting the closing to hold for use and application at the closing.

9.      **Priority of Reimbursement of the Receiver for Expenses She or Her Firm Pay for Maintenance, Repair, Renovation, and to Otherwise Protect and Preserve the Property and its Salability** - To the extent that Ms. Regan, with the prior written approval of the United States, expends any funds of her own or of her firm to preserve and maintain the Property or improve its salability, the receiver shall be entitled to recover the same at the closing of a sale of the Property from the gross proceeds of the sale with priority over the claims of all parties, except any claims for real property taxes and water and sewer fees for the property.  The Receiver must provide counsel for the United States with receipts or copies of cancelled checks proving the amounts that she paid for such expenses.

10.     **Disbursements at the Closing Table** - At the closing, the title company or attorney conducting it shall disburse from the gross sale proceeds the funds necessary to pay any outstanding real property taxes, water, sewer, and other utility fees, the seller' share of fees and costs reasonable and necessary for the closing, commissions for the receiver and any to be shared with a buyer realtor, agent or broker, reimbursement of expenses paid by the receiver or her firm for repair, maintenance, and/or renovation of the Property and/or for real property insurance or similar or related expenses that the receiver is authorized to make with respect to the property.

11.     **Escrow and Distribution Agent-** In addition to conducting the closing, the title company or attorney selected by the receiver shall hold in escrow the net proceeds

7

remaining after the payment at the closing of the direct costs of the sale of the Property, pending the entry of an order of distribution by the Court.  Upon receipt of an order of distribution entered by the Court, the title company or attorney that conducted the closing shall distribute the net proceeds promptly and in accordance with the order.

12.    **Motion for Distribution of Net Proceeds of Sale** - After the closing, the United States shall file a motion for distribution of the net proceeds of sale.  The motion shall specify the persons or entities that are to receive the remaining proceeds of sale and the respective amount each of them is to receive.  The motion shall be consistent with this Court's judgment at ECF No. 27, which incorporates the stipulations at ECF No. 7 and ECF No. 21.  The defendants shall have the right to object to the motion.

13.    **The Taxpayer's Shall Not Record Documents Against the Property** – Defendant Jeffrey A. Denner shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet or social media postings) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential purchasers from purchasing the property, nor shall they permit anyone else to do so.

14.    **The Defendants Shall Not Interfere with the Receiver's Efforts to Sell the Property** - The defendants and all other persons acting in concert with, or on their behalf, are prohibited from interfering with the Property, the receiver, and the receiver's efforts to comply with her duties and obligations under this Order.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 15th day of August, 2022.