UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>JEFFREY A. DENNER, both individually<br>and as Trustee of The Words End Trust,<br>HSBC BANK, USA, NATIONAL<br>ASSOCIATION, as Trustee for Structured<br>Asset Securities Corporation Mortgage<br>Pass-Through Certificates, Series 2003-22A,<br>STATE OF MAINE, and<br>TOWN OF STONEHAM,<br><br>     Defendants. | Case No. 2:14-cv-414-LEW |

## ORDER APPROVING SALE

Before the Court is the United States' Motion to Approve Contract for Sale. It is the product of plaintiff United States of America having filed this action seeking, among other things, enforcement of the federal tax liens that attached to the real property located at 337 Horseshoe Pond Rd., Stoneham, ME (the "Property"),[1] the Court having ordered the appointment of Jennifer

---

[1] A legal description of the Property is:

> A certain lot or parcel of land, with the buildings thereon situated in Stoneham, Oxford County, Maine, and designated as Lot numbered Ten (#10) on plan entitled "Plan of land in Stoneham Maine, owned by Richard Krock" surveyed and drawn in 1971 and 1972 by Lawrence M. Gray, registered Land Surveyor, and duly recorded in Oxford Western District Registry of Deeds in Plan Book 4, Page 50. Reference is hereby made to said plan for more particular description of the parcel hereby conveyed. Reference is also made to an earlier version of said plan recorded in said Registry in Plan Book 4, at Page 31 for the courses and distance as surveyed along the shore line of Horseshoe Pond.
>
> Being the property conveyed to the grantor by deed dated December 18, 1986, and recorded in Oxford Western District Registry of Deeds, in Book 283, Page 774 from Richard H. Krock, Trustee of the Second Beej and Rich Hamilton Realty Trust.

Regan of Coldwell Banker Lifestyles as Receiver to market and sell the Property, the Receiver having listed the Property for sale, the Receiver having executed a contract to sell the subject property to Henry Wietsma and Deborah Wietsma, for $1,287,000 subject to approval of the Court, the United States having submitted for the Court's approval a proposed form of Receiver's Deed for use in completing the sale, and the Court having considered the premises of the motion and finding good cause to grant it, it is therefore

ORDERED that the Motion to Approve Contract of Sale is granted; and it is

ORDERED FURTHER that the sale of the Property by the Receiver under the terms of the contract to purchase real estate, which is attached as an exhibit to the declaration of the Receiver that, in turn, is attached to the Motion to Approve Contract of Sale, is hereby approved; and it is

ORDERED FURTHER that the Receiver is authorized and directed to sell the Property under the approved contract of sale, and shall select a title company to conduct a closing for the sale or, if local law requires an attorney to conduct a closing for the sale, shall select an attorney to conduct a closing for the sale subject to approval of the United States of the attorney's fee; and it is

ORDERED FURTHER that the United States shall provide a copy of this order to HSBC Bank, USA, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-22A, the State of Maine, the Town of Stoneham within 3 business days of its entry.  At closing, those parties shall present the title company or attorney conducting the closing and each other with balances due as of the closing date for the amounts they are to receive pursuant to this Court's Judgment at ECF No. 27, and those parties shall bring any disputes about such amounts before this Court by motion no later than 5 business days after closing; and it is

ORDERED FURTHER that, with respect to the sale of the Property, a portion of the proceeds of sale shall be credited or disbursed at closing to pay (a) the settlement or closing charges, including the fees charged by the title company or attorney to conduct the closing, if any, to be paid by the Seller, (b) the Receiver's compensation of 6% of the sale price (to be shared with the buyer's real estate agent), along with reimbursable expenses as hereafter authorized by the United States, and (c) any real property taxes due and owing or accrued on the Property at the time of closing that have priority over the federal tax liens under 26 U.S.C. § 6323(b)(6). *See* ECF No. 27 at PageID 288–89 (referring to stipulations at ECF No. 7 and ECF No. 21). The Court further orders that the title company or attorney conducting the closing shall hold in escrow the net proceeds remaining after the above-described payments or credits, pending the entry of an order of distribution by the Court, except that the mortgage and accruals on the mortgage may be paid at closing if the United States agrees to the correctness of the amount. Upon receipt of an order of distribution entered by the Court, the title company or attorney that conducted the closing shall distribute the net proceeds promptly and in accordance with the order; and it is

ORDERED FURTHER that the following expenses constitute those for which the receiver is entitled to reimbursement from the proceeds of sale:

| Expense | Amount |
|---|---|
| Materials for repairs and upkeep done by Receiver | $499.02 |
| Cleaning of Property | $1,500.00 |
| Creation of computerized 3D model for listing (in light of potential property access issues during the winter) | $487.42 |
| Winterization costs 2022-2024 (including dock removal) | $3,067.44 |
| Heating Oil | $2,153.77 |
|  |  |
| TOTAL | $7,707.65 |

ORDERED FURTHER that the sale of the Property shall be free and clear of the liens, claims, right, title and/or interest of Jeffrey A. Denner, individually jand as trustee of the Words End Trust, HSBC Bank, USA, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-22A, the State of Maine, the Town of Stoneham, and the Receiver, and any successors in interest or transferees of those parties, subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the real property, and easements, restrictions, and reservations of record, if any; and it is

ORDERED FURTHER that the use of a Receiver's Deed for the sale of the Property that is substantially in the form of the one attached to this Order is approved, and the Oxford County Register of Deeds shall permit the recording of the deed in the Oxford Western District Registry of Deeds after it is executed provided it receives the normal recording fee.  Specifically, and for the avoidance of doubt, alterations that may be requested by the buyers' title insurer and approved by the United States are permitted.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated this 18th day of March, 2024.

                                                 /s/ Lance E. Walker
                                                 Chief U.S. District Judge